**SO ORDERED.**

**SIGNED this 29 day of August, 2008.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

DESIGNATED FOR ONLINE USE; NOT DESIGNATED FOR PRINT PUBLICATION
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| RICHARD LEE SMITH, JR. and BRENDA KAY SMITH, | CASE NO. 06-40819<br>CHAPTER 12 |
| DEBTORS. | |
| BRENDA KAY SMITH, | |
| PLAINTIFF, | |
| v. | ADV. NO. 07-7065 |
| BUTLER & ASSOCIATES and GARY FANNING, | |
| DEFENDANTS. | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
FINDING DEFENDANTS' MOTION TO DISMISS MOOT**

1

Debtor Brenda Smith brought this adversary proceeding against Defendants Butler & Associates and Gary Fanning[1] for damages under 11 U.S.C. § 362(k)(1) for violation of the stay of § 362; under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter FDCPA); and under the Kansas Consumer Protection Act, K.S.A. 50-624, et seq. (hereafter KCPA). The claims arise from Defendants' postpetition actions to collect bad checks written by Debtor prepetition. There are two matters under advisement: The Defendant's Motion to Dismiss for Failure to State a Claim[2] under the FDCPA and under the KCPA; and Defendants' Motion for Summary Judgment[3] on all counts. Debtor appears by Jonathan C. Becker, and Defendants appear by George D. Halper and Daniel F. Church, of McAnany, Van Cleave & Phillips, P.A. There are no other appearances.

**SUBJECT MATTER JURISDICTION.**

Before addressing the merits, the Court pauses to consider whether it has subject matter jurisdiction, a matter which was denied in Defendants' answer to the Complaint. The courts disagree whether an action for damages for violation of the stay under § 362(k)(1) should be brought by motion[4] or by an adversary proceeding.[5] The Court has found no Tenth Circuit precedent. Bankruptcy Rule 7001(1) defines an adversary proceeding as one "to recover money

---

[1] Defendant New Horizon Farm and Home Cooperative was dismissed with prejudice upon joint motion of Plaintiff and New Horizon Farm and Home Cooperative. Doc. 54.

[2] Doc. 62.

[3] Doc. 68.

[4] *See e.g., In re Dunning,* 269 B.R. 357, 367-68 (Bankr. N.D. Ohio 2001) (holding imposition of sanctions under § 362(h), now § 362(k), may be brought by motion).

[5] *See e.g., Matter of Rimsat, Ltd.*, 208 B.R. 910, 913 (Bankr. N.D. Ind. 1997) (holding action under § 362(k)(1) is for monetary relief which must be pursued as an adversary action in accord with Fed. R. Bankr. P. 7001).

2

or property," other than certain enumerated actions not involving § 362. Since the Complaint explicitly seeks recovery of money under § 362(k)(1), the Court finds no error in Plaintiff's using the procedure of an adversary case.

This Court has subject matter jurisdiction. With respect to the allegation of violation of § 362, the United States District Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1334(a) and (b). Moreover, Federal Rule of Procedure 18 applies in adversary proceedings.[6] It provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."[7] Although joinder cannot be used to expand jurisdiction of the courts, this limitation is not a problem here since the United States District Courts have jurisdiction of an action to enforce any liability created by the FDCPA[8] and jurisdiction to hear state law claims, such as the KCPA claim in this case, which are so related to the claims for which original federal jurisdiction exists as to be part of the same case or controversy. This Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984.[9] Furthermore, this Court may hear and finally adjudicate the allegation of stay violation because it is a core proceeding pursuant to 28 U.S.C. §

---

[6] Fed. R. Bankr. P. 7018.

[7] Fed. R. of Civ. P. 18(a).

[8] 15 U.S.C. § 1692k(d).

[9] The order is referred to in D. Kan. Rule 83.8.5, and is quoted in the Preface to the 2004 Local Rules of the United States Bankruptcy Court for the District of Kansas, at page v.

3

157(b)(2)(A). Plaintiff's Complaint alleges that this matter is primarily a core proceeding and further states, that in the event the case is determined to be a non-core proceeding, then Plaintiff consents to entry of a final order by this Court. In their answer, Defendants characterize the action as a "core adversary proceeding." The Court therefore finds it has authority to enter final orders and judgments. There is no objection to venue or jurisdiction over the parties.

**DEFENDANTS' MOTIONS AND PLAINTIFF'S RESPONSE.**

Defendants' motion to dismiss asserts that Plaintiff fails to state a claim upon which relief may be granted with respect to Count II, the FDCPA claim, and Count III, the KCPA claim. They argue that these claims are premised upon Defendants' alleged violation of § 362, for which the Bankruptcy Code provides the exclusive remedy in § 362(k)(1). In response, Plaintiff argues that the remedies of the Code, the FDCPA, and the KCPA are cumulative.

Defendants' motion for summary judgment asserts that under the uncontroverted facts they are entitled to judgment on all counts because: (1) There is no evidence that the violation of the stay was willful, an element required for recovery under the Code; (2) since the debt is not a consumer debt, the FDCPA provides no remedy; and (3) the Plaintiff has not alleged a violation of any act prohibited by the KCPA. Plaintiff has not responded to Defendants' motion, although substantially more than two months have passed since the motion was filed.

As examined below, the Court grants the motion for summary judgment and denies the motion to dismiss as moot.

**FINDINGS OF FACT.**

Since Plaintiff did not respond to the statement of uncontroverted facts in Defendants' memorandum in support of summary judgment, those facts, which are supported by references

4

to the record upon which Defendants rely, are deemed admitted for the purpose of summary judgment.[10] They are as follows.

On June 26, 2006, Plaintiff purchased diesel fuel from United Cooperative and gave a $1,225 check in payment. On July 3, 2006, Plaintiff purchased cattle feed from United Cooperative and gave a $2,000 check in payment. Both the diesel fuel and the cattle feed were used in Plaintiff's dairy business. Both checks were dishonored and returned to United Cooperative for insufficient funds or account closed.

On August 24, 2006, Plaintiff filed for relief under Chapter 12. Notice of Bankruptcy was sent to United Cooperative, which is now named New Horizon Farm and Home Cooperative (hereafter New Horizon). On October 26, 2006, New Horizon entered into an agreement with Quick Check Protection, Inc. (hereafter Quick Check) to collect the funds due from Plaintiff. Quick Check sent Plaintiff two letters on November 6, 2006, one for each check, requesting payment on the returned checks. The letters stated that if payment was not received within thirty days, the matter would be turned over to an attorney for civil suit. Plaintiff did not respond to the letters. Quick Check turned the matter over to Defendants Butler & Associates, P.A. and Gary Fanning. At the time Defendants agreed to handle the matter, they had no knowledge that Plaintiff had filed for bankruptcy relief or that the collection of the debts in issue was subject to a bankruptcy stay. Gary Fanning sent a letter regarding each check to Debtor on December 8, 2006, stating that the collection of the returned checks had been turned over to Butler & Associates, P.A., and requesting that Plaintiff contact him within thirty days if she wished to dispute the validity of the debt. Plaintiff did not respond. Gary Fanning sent additional letters

---

[10] D. Kan. Rule 56.1(a).

regarding each check on January 12, 2007, demanding payment by January 27, 2007, and informing Plaintiff that a civil suit may be filed if payment was not made. Plaintiff did not respond.

Defendants filed civil suit against Debtor in the District Court of Anderson County, Kansas on January 31, 2007, to collect the funds due New Horizon. Plaintiff filed an answer on April 12, 2007, in which Plaintiff stated an affirmative defense for failing to state a cause of action upon which relief may be granted and reserved each and every affirmative defense that may become known, including but not limited to accord and satisfaction, bankruptcy, estoppel, notice, common law good faith defense, laches, offset, failure of consideration, and abandonment. Plaintiff also filed a counterclaim. Neither Plaintiff nor Plaintiff's counsel notified Defendants that Plaintiff was in bankruptcy, not did Defendants know this to be the case. Defendants filed a reply to Plaintiff's counterclaim on April 27, 2007. Plaintiff filed a Suggestion in Bankruptcy on May 14, 2007. Defendants served discovery request to Plaintiff on May 15, 2007. The Suggestion of Bankruptcy was received by Defendants on May 18, 2007. Defendants immediately took steps to dismiss the Anderson County, Kansas case and did not take any action to collect the debt owed by Plaintiff or to further the Anderson County, Kansas civil case after learning of Plaintiff's bankruptcy filing.

**ANALYSIS AND CONCLUSIONS OF LAW.**

    **A. The legal basis for Plaintiff's claims.**

Debtor's Complaint seeks recovery from Defendants under § 362(k)(1), the FDCPA, and the KCPA based upon their postpetition actions to recover on the insufficient funds checks. The

6

Code in § 362(a)(6) provides that the filing of a petition operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ." Subsection (k)(1) provides any individual injured by a willful violation of the stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." In addition, a debtor may ask the Bankruptcy Court to hold the offending party in contempt.

The FDCPA was enacted in 1977 to eliminate abusive debt collection practices by debt collectors.[11] It applies only to debt collectors and not to direct collection actions by creditors with respect to their own debt.[12] Obligations incurred by individuals for personal, family, and household purposes are covered by the act, but business obligations are not.[13] It prohibits certain specific acts and the use of any false, deceptive, or misleading representations in connection with the collection of a debt.[14] A false representation of the legal status of a debt[15] or the threat to take any action that cannot be legally taken is a violation.[16] Hence the FDCPA has "particular relevance to the consumer bankruptcy setting, both during the pendency of the automatic stay and following discharge, because a dunning letter, telephone call or other communication with the debtor claiming the debt is 'immediately due and payable' amounts to a false representation

---

[11] 15 U.S.C. § 1692(e).

[12] *See* 15 U.S.C. § 1692a(6), defining debt collector.

[13] *See* 15 U.S.C. § 1692a(5).

[14] *See* 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692f.

[15] 15 U.S.C. § 1692e(2)(A).

[16] 15 U.S.C. §1692e(5).

7

of the 'legal status' of the debt."[17] With respect to such a violation, the FDCPA is a strict liability statute, so no showing of intentional conduct is required.[18]

The KCPA was enacted in 1973. Its purposes are stated in the act. They include the simplification, clarification, and modernization of the law of consumer transactions, protection of consumers from suppliers who commit deceptive and unconscionable practices, protection of consumers from unbargained for warranty disclaimers, and providing consumers with a three-day cancellation period for door-to-door sales.[19] The act contains a nonexclusive laundry list of deceptive acts and practices, with varying scienter requirements, such as misrepresentations made "knowingly or with reason to know," willful conduct, and intentional conduct.[20] The KCPA also prohibits unconscionable practices.[21] Arguably, an attempt to collect a debt, when enforcement is barred by the automatic stay, constitutes a deceptive or unconscionable practice. The KCPA provides for enforcement by private remedies of declaratory relief, injunction, damages, and civil penalty.[22]

**B. Defendants' Motion for Summary Judgment is Granted.**

The standards for ruling on a motion for summary judgment filed by a defendant are well established. Summary judgment is appropriate if the moving party demonstrates that there is "no

---

[17] Michael D. Sousa, *Circuits Split: Does the Bankruptcy Code Implicitly Repeal the FDCPA?* 25 Am. Bankr. Inst. J. 20, 60 (Oct. 2006).

[18] *Id.*

[19] K.S.A 50-623.

[20] K.S.A. 50-626.

[21] K.S.A. 50-627.

[22] K.S.A. 50-634.

8

genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[23] The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[24] In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[25] "If the movant meets this initial burden, the nonmovant, that would bear the burden of persuasion at trial, may not simply rest upon its pleadings; instead, the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[26] "A party's failure to respond to a summary judgment motion is not a sufficient basis on which to enter judgment against the party."[27] The Court must still make a determination whether summary judgment is appropriate. "Essentially, the inquiry is whether the facts asserted and supported in the summary judgment motion entitle the moving party to judgment as a matter of law."[28]

---

[23] Fed. R. Civ. P. 56(c) is made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056.

[24] *Thom v. Bristol-Myers Squibb Co.,* 353 F.3d 848, 851 (10th Cir. 2003) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[25] *In re West,* 384 B.R. 872, 877 (Bankr. D. Kan. 2008) (*citing Thom v. Bristol-Myers Squibb Co.,* 353 F.3d at 851).

[26] *Id.(citing Thom v. Bristol-Myers Squibb Co.,* 353 F.3d at 851).

[27] *Id.,* 384 B.R. at 878 *(citing Reynolds v. Delmar Gardens of Lenexa, Inc.,* 2003 WL 192481, *2 (D. Kan. 2003)).

[28] *Id.*

9

In Court I of the complaint, Debtor seeks damages for Defendants' violation of the stay of § 362. Under § 362(a)(6), a Chapter 12 petition triggers a stay against any act "to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." Section 362(k)(1) provides in part that an individual injured "by any willful violation" of the automatic stay "shall recover actual damages, including costs and attorneys' fees." In the Tenth Circuit, "in order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required."[29] In this case, the uncontroverted facts establish that Defendants did not know of the automatic stay when they sent letters to the Debtor regarding payment of the dishonored checks or when filing and pursuing the state court collection action. When they were advised of the stay, they promptly dismissed the action and undertook no further actions to collect the debt outside the procedures provided by the Code. Debtors have failed to prove an essential element of their § 362(k)(1) claim, and Defendants are entitled to summary judgment on Count I.

In Count II, Debtor seeks recovery for alleged violation of the FDCPA. That act prohibits a debt collector from making false or misleading representation, including a false representation of the legal status of any debt and a threat to take any action that cannot be legally taken.[30] However, the act's prohibitions relate only to the collection of a "debt," defined by the FDCPA to mean "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the

---

[29] *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1172 (10th Cir. 2007).

[30] 15 U.S.C. § 1592e.

transaction are primarily for personal, family, or household purposes . . . ."[31] It does not apply to loans arising out of agricultural transactions.[32] It is uncontroverted that the two checks which Defendants are attempting to collect were given in payment for products used in Debtor's dairy operation. Defendants are entitled to summary judgment on the FDCPA claim.

Finally, Defendants are also entitled to summary judgment on the KCPA claim. The Kansas act does apply to debts for agricultural purposes. The KCPA prohibits deceptive and unconscionable practices by suppliers, which for purposes of summary judgment the Court will assume include both Defendants. As to deceptive practices that might be relevant to an attempt to collect a debt in violation of the stay, K.S.A. 50-626 provides:

> (a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.
> (b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:
>
> * * *
> (2) the willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact;
>
> (3) the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact;

Both of these prohibitions include the element of willful conduct. The Kansas Supreme Court affirmed the granting of a motion for summary judgment finding no deceptive practice under the foregoing definitions where there was no evidence that a creditor "either purposefully withheld relevant information or misstated facts with the intention of deceiving" the consumer as to

---

[31] 15 U.S.C. § 1592a(5).

[32] *Munk v. Federal Land Bank of Wichita*, 791 F.2d 130, 132 (10th Cir. 1986).

11

finance charges.[33] In this case, likewise, summary judgment is required under any claim of deceptive practice because there is no evidence that Defendants either purposefully withheld relevant information regarding Debtor's liability or acted with intent to deceive.

The other possibility of claim under the KCPA arises under its prohibition of unconscionable practices in K.S.A. 50-627, which provides:

> (a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction.
>
> (b) The unconscionability of an act or practice is a question for the court. In determining whether an act or practice is unconscionable, the court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:
>
> (1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor;
>
> (2) when the consumer transaction was entered into, the price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by similar consumers;
>
> (3) the consumer was unable to receive a material benefit from the subject of the transaction;
>
> (4) when the consumer transaction was entered into, there was no reasonable probability of payment of the obligation in full by the consumer;
>
> (5) the transaction the supplier induced the consumer to enter into was excessively onesided in favor of the supplier;
>
> (6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment; and

---

[33] *Gonzales v. Assoc. Financial Serv. Co. of Kansas, Inc.*, 266 Kan. 141, 166, 967 P.2d 312, 328 (1998).

12

> (7) except as provided by K.S.A. 50-639, and amendments thereto, the
> supplier excluded, modified or otherwise attempted to limit either the
> implied warranties of merchantability and fitness for a particular purpose
> or any remedy provided by law for a breach of those warranties.

Assuming, without deciding, that attempts to collect debts which are not due because of the stay constitutes unconscionable practices, there are no facts from which the Court could conclude that Defendants "knew or had reason to know" that the collection of the debts was barred.

For the foregoing reasons, Defendants' motion for summary judgment on all claims is granted.

### C. Defendants' Motion to Dismiss is Denied as Moot.

Having found that Defendants are entitled to summary judgment on all claims asserted by plaintiff, the Defendants' motion to dismiss is moot, and the Court will not address the arguments presented.

**CONCLUSION.**

The Court grants summary judgment to Defendants on all claims and denies the Defendants' motion to dismiss.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

### ###